# Exhibit 1

16CV02190 *
Div 7 *

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

| | |
|---|---|
| MELINDA K. CORPORON,  heir at law of )<br>REAT UNDERWOOD, and Administratrix )<br>and personal representative of the Estate of )<br>REAT UNDERWOOD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAL-MART STORES EAST, LP and )<br>**Serve**: Registered Agent )<br>The Corporation Company, Inc. )<br>112 S.W. 7th Street, Suite 3C )<br>Topeka, KS  66603 )<br>)<br>WAL-MART STORES, INC., )<br>**Serve**: Registered Agent )<br>The Corporation Company, Inc. )<br>112 S.W. 7th Street, Suite 3C )<br>Topeka, KS  66603 )<br>)<br>Defendants. ) | Case No. _____<br><br>Division No. _____<br><br>Pursuant to K.S.A. Chap. 60 |

### PETITION

COMES NOW the plaintiff, by and through her counsel, Lynn R. Johnson, David R. Morantz and Paige L. McCreary of Shamberg, Johnson & Bergman, Chartered, and for her causes of action against the defendants alleges and states as follows:

### SUMMARY OF THE ACTION

1.     These wrongful death and survival causes of action stem from the assault and fatal shootings of Reat Underwood and others on April 13, 2014, at the Jewish Community Center and at Village Shalom in Overland Park, Kansas.  The perpetrator in the shooting, Frazier Glenn Cross, Jr., was a convicted felon who was prohibited by law from purchasing firearms. On April 9, 2014, Cross went to the Walmart Supercenter (Walmart Store #1009) in Republic,

Missouri, to obtain a firearm. In the presence of at least one Walmart salesperson, Cross selected a Remington shotgun and initiated its purchase. But Cross claimed to not have identification on him and offered that his companion, John Mark Reidle, would purchase the weapon. With the assistance of a Walmart salesperson, Reidle completed the illegal straw purchase and provided the Remington shotgun to Cross, who used the weapon four days later to kill 14-year-old Reat Underwood and Reat's grandfather, William L. Corporon. Given the circumstances of the purchase, Walmart should have taken affirmative steps to confirm that Cross was the actual purchaser and intended user of the Remington shotgun, and that the sale of the shotgun to Reidle, a straw buyer, was illegal.

2.    These actions do not challenge the right of law-abiding citizens to bear arms. These actions also do not challenge the right of responsible gun dealers to sell guns to law-abiding citizens. Rather, these actions focus on the foreseeable dangers that arise when gun dealers negligently permit the sale of guns to straw buyers who will ultimately transfer guns to individuals who are prohibited from possessing guns. Gun dealers, including Walmart, owe a duty to use the highest standard of care to prevent the supply of firearms to those prohibited from possessing them. Moreover, gun dealers, including Walmart owe a duty to not expose others to reasonably foreseeable risks of harm. Walmart breached these duties, and, as a foreseeable result, William L. Corporon and Reat Underwood were fatally shot.

## PARTIES

3.    Plaintiff Melinda K. Corporon is the surviving mother of Reat Underwood, who was a minor at the time of his death. Melinda K. Corporon is a citizen and resident of Johnson County, Kansas. She brings a wrongful death cause of action pursuant to K.S.A. § 60-1901 *et seq.* for the benefit of herself and the other heir of Reat Underwood. Melinda K. Corporon is

also the Administratrix *In the Matter of the Estate of Reat Underwood, Deceased*, Johnson County, Kansas, District Court Case No. 16PR229. As the personal representative and Administratrix of the Estate, she brings a survival action on behalf of the Estate of Reat Underwood, Deceased, pursuant to K.S.A. § 60-1801.

4.      The only other heir at law of Reat Underwood is Reat's father, Gary Underwood, who is a citizen and resident of Spring, Harris County, Texas.

5.      There are no other heirs of Reat Underwood.

6.      Defendant Wal-Mart Stores East, LP, is a foreign corporation authorized to do business in the State of Kansas and was actively transacting business in the State of Kansas at all relevant times.

7.      Defendant Wal-Mart Stores East, LP, can be served through its registered agent, The Corporation Company, Inc., at 112 S.W. 7th Street, Suite 3C, Topeka, Kansas, 66603.

8.      At all relevant times herein, defendant Wal-Mart Stores East, LP, owned and operated Wal-Mart Store #1009, located at 1150 US Hwy. 60 East in Republic, Missouri, or owned and operated Wal-Mart Store #1009, located at 1150 US Hwy. 60 East in Republic, Missouri, while doing business as Wal-Mart, Wal-Mart Stores East, LP, Wal-Mart Stores East I, LP, or Walmart #1009.

9.      Defendant Wal-Mart Stores, Inc., is a foreign corporation authorized to do business in the State of Kansas and was actively transacting business in the State of Kansas at all relevant times.

10.     Defendant Wal-Mart Stores, Inc., can be served through its registered agent, The Corporation Company, Inc., at 112 S.W. 7th Street, Suite 3C, Topeka, Kansas, 66603.

11.     At all relevant times herein, defendant Wal-Mart Stores, Inc., owned and operated Wal-Mart Store #1009, located at 1150 US Hwy. 60 East in Republic, Missouri, or owned and operated Wal-Mart Store #1009, located at 1150 US Hwy. 60 East in Republic, Missouri, while doing business as Wal-Mart, Wal-Mart Stores East, LP, Wal-Mart Stores East I, LP, or Walmart #1009.

12.     The Wal-Mart defendants are herein referred to as "Walmart."

## JURISDICTION AND VENUE

13.     Pursuant to the Kansas Constitution, Art. III, §§1 and 6 and K.S.A. § 20-301, this Court has jurisdiction over the subject matter of this cause of action.  This Court has personal jurisdiction over Walmart, as Walmart has substantial, continuous and systematic contact with Kansas, and because Walmart's tortious conduct resulted in injuries inside Kansas, pursuant to K.S.A § 60-308(b).

14.     Venue is proper in Johnson County, Kansas, because this cause of action arose here, pursuant to K.S.A. § 60-604.

## AGENCY

15.     All actions and failures to act of the employees, agents, and servants of Walmart, including but not limited to its salespeople, were performed within the scope of their employment or agency with Walmart, and Walmart is vicariously liable for the actions and failures to act of said persons.

## FACTUAL ALLEGATIONS

16.     Prior to April 9, 2014, Frazier Glenn Cross, Jr., had a long and sordid criminal history, including a 1986 conviction of  federal contempt of court for violating a court-ordered prohibition from operating a paramilitary group that intimidated and threatened African

Americans, and a 1987 conviction for conspiring to acquire stolen military weapons, which resulted in a three-year prison term. By virtue of Cross' criminal history, including his convictions, Cross was prohibited by law from purchasing firearms.

17.    On April 9, 2014, Cross and Reidle traveled to the Walmart Supercenter (Walmart Store #1009) in Republic, Missouri, to purchase a gun. Upon information and belief, in plain view of at least one Walmart salesperson, Cross selected a Remington shotgun and initiated its purchase, but he offered that Reidle would complete the purchase because Cross claimed he did not have identification with him. In the presence of Cross and at least one Walmart salesperson, Reidle completed a Bureau of Alcohol Tobacco and Firearms Form 4473 (the "firearms purchase paperwork") by falsely identifying himself as the actual buyer of the gun.

18.    Despite the strong indicators that Reidle was not the actual and legal purchaser of the Remington shotgun, Walmart, by and through its agents, servants and employees, assisted Reidle in completing the required firearms paperwork and sold the Remington shotgun to Reidle and Cross without making any reasonable attempt to determine whether Reidle was an illegal straw purchaser.

19.    Four days later, on the afternoon of April 13, 2014, Reat Underwood was driven by his grandfather, William L. Corporon, to the Jewish Community Center in Overland Park, Johnson County, Kan., for a singing competition.

20.    At or about the same time, Cross entered the parking lot of the Jewish Community Center with the Remington shotgun purchased April 9, 2014, at Walmart Store #1009.

21.    Shortly after William L. Corporon had parked his pickup truck, Cross approached William L. Corporon's truck, aimed the Remington shotgun at William L. Corporon and at Reat Underwood, and fired separate blasts at each.

22.    William L. Corporon died from wounds from the Remington shotgun at the scene.

23.    Reat Underwood died later at Overland Park Regional Medical Center from wounds from the Remington shotgun.

24.    In October 2015, Reidle pleaded guilty in the U.S. District Court for the Western District of Missouri to a violation of 18 U.S.C. § 922(a)(6) (i.e., making a false statement in acquisition of a firearm) in connection with the April 9, 2014, purchase of the Remington shotgun from Walmart Store #1009. *United States of America v. John Mark Reidle,* 3:14-CR-05019-BP-1 (W.D. Mo.).

25.    Walmart's failure to exercise reasonable care and the highest degree of care in its sale of the Remington shotgun to Cross and Reidle caused or contributed to cause the April 13, 2014, shootings of, injuries to and deaths of William L. Corporon and Reat Underwood.

## COUNT I – NEGLIGENCE

26.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 25 of this Petition as though fully set forth below.

27.    Walmart is engaged in the business of selling firearms, including shotguns such as the Remington shotgun used to shoot William L. Corporon and Reat Underwood.

28.    Walmart had a duty to exercise the highest degree care in selling guns and to refrain from engaging in any activity that would create reasonably foreseeable risks of injury to or death of others.  This duty included following federal and state gun laws concerning the sale of firearms and ammunition to straw purchasers.

29.    Federal and state gun laws, including, but not limited to 18 U.S.C. § 922(a)(6), 18 U.S.C. § 922(d), 18 U.S.C. § 922(m) and 18 U.S.C. § 924(a)(1)(A), bar the sale of firearms or

ammunition to straw purchasers who acquire firearms from a gun dealer on behalf of a person prohibited by law from possessing or purchasing such firearms.

30.     On or about April 9, 2014, Walmart, through Store #1009 and its employees, agents and/or servants, illegally and negligently sold the Remington shotgun to Cross and Reidle, with Reidle acting as an illegal straw purchaser.

31.     Based on the facts described herein, Walmart knew or should have known that:

a.      Reidle was not purchasing the Remington shotgun for his personal use;

b.      Reidle was a straw purchaser; and

c.      Selling the Remington shotgun to Reidle and Cross violated various federal and state laws, including but not limited to 18 U.S.C. § 922(a)(6), 18 U.S.C. § 922(d), 18 U.S.C. § 922(m) and 18 U.S.C. § 924(a)(1)(A).

32.     A reasonable and law-abiding gun seller would have screened and/or questioned Reidle, by asking whether he was buying the gun for someone else, the intended use of the gun, and other inquiries to determine whether Reidle was the actual, intended purchaser of the firearm.

33.     A reasonable and law-abiding gun seller would have had doubts about the legality of the sale.

34.     A reasonable and law-abiding gun seller would not have sold the weapon to Cross and Reidle if it had doubts about the sale.

35.     A reasonable and law-abiding gun seller would not have sold the Remington shotgun to Cross and Reidle.

36.    Despite these facts, Walmart aided and assisted Reidle in completing the required firearms paperwork, without making any reasonable attempt to determine whether Reidle was an illegal straw purchaser.

37.    Based on the nature of the transaction, Walmart knew or should have known that it was reasonably foreseeable that the Remington shotgun would be obtained by a dangerous or prohibited person, such as Cross, for use in crimes, and that innocent persons, such as William L. Corporon and Reat Underwood, would be shot and injured or killed.

38.    Specifically, Walmart knew or should have known that:

a.    Criminals and other dangerous persons seek to obtain guns from gun sellers to use in crimes, including those that result in injury or death;

b.    Federal firearms laws exist to prohibit and/or hinder criminals and other dangerous persons from obtaining guns through illegitimate channels, including through straw purchases;

c.    Firearms dealers, as agents of enforcement of federal firearms laws, are tasked as gatekeepers to prevent criminals and other dangerous or prohibited persons from acquiring guns.

39.    Walmart knew or should have known that certain factual scenarios, including but not limited to purchases where one person selects a weapon and another person pays for the weapon, may be indicative of criminal activity.

40.    Walmart knew or should have known that the gun industry's trade association, the National Shooting Sports Foundation had issued a recommended sales protocol prior to April 9, 2014, pursuant to which gun dealers should screen suspicious purchasers with a battery of

questions and not sell firearms to a person unless the dealer has no doubts about the legitimacy of the sale.

41.    Walmart knew or should have known that unless it used reasonable and/or the highest standard of care and followed the law to prevent straw or suspicious purchases, criminals would obtain firearms and use them to injure or kill innocent persons.

42.    Walmart acted unlawfully, negligently, recklessly and with a wanton disregard for the safety of others when it sold the Remington shotgun to Cross and Reidle, because, at the time, Walmart and its employees, agents and/or servants knew or should have known of circumstances that indicated an unlawful sale.

43.    Walmart was further negligent and reckless in either failing to adopt, implement or enforce policies, procedures, or protocols that would have enabled its salespeople to spot a potential straw purchase and to prevent such a purchase, or in failing to train and supervise its employees, agents and/or servants concerning such policies, procedures or protocols.

44.    Walmart's negligent and reckless failure to exercise reasonable and/or the highest degree of care, and its violations of federal and state laws in the sale of the Remington shotgun, either directly or through its employees, agents and/or servants, caused or contributed to cause the April 13, 2014, shootings of, injuries to and deaths of William L. Corporon and Reat Underwood.

45.    As a direct and proximate result of the negligence and recklessness of Walmart, Reat Underwood suffered severe and devastating injuries that led to his death on April 13, 2014.

46.    As a direct and proximate result of Reat Underwood's death, plaintiff has sustained and will continue to sustain pecuniary and non-pecuniary damages, including, but not limited to, mental anguish, suffering, bereavement, loss of society, loss of companionship, loss

of services, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, loss of counsel, loss of a complete family, and funeral expenses.

47.     The death of Reat Underwood on April 13, 2014, and the resulting pecuniary and non-pecuniary damages sustained by plaintiff were directly and proximately caused by the negligence and carelessness of Walmart.

48.     Plaintiff Melinda K. Corporon, as the personal representative and as the Administratrix *In the Matter of the Estate of Reat Underwood, Deceased*, incorporates by reference the allegations in paragraphs 1 through 47 of this Petition as though fully set forth below.

49.     As a direct and proximate result of the negligence of Walmart, Reat Underwood sustained severe and debilitating injuries that led to his death on April 13, 2014.

50.     As a direct and proximate result of the negligence of Walmart, Reat Underwood sustained fear, anxiety of imminent danger and harm to himself and to his grandfather, pain, suffering, mental anguish, and loss of enjoyment of life until his death on April 13, 2014.  As a result of the injuries and damages sustained by Reat Underwood, the Estate of Reat Underwood, deceased, is entitled to recover those damages which Reat Underwood could have recovered if he would have survived.

## COUNT II – NEGLIGENT ENTRUSTMENT

51.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 50 of this Petition as though fully set forth below.

52.     At all relevant times, Walmart had control of the Remington shotgun it sold to Cross and Reidle.

53.    Walmart had a duty to exercise the highest degree care in selling guns and in refraining from engaging in any activity that would create reasonably foreseeable risks of injury to or death of others.  This duty included following federal and state gun laws concerning the sale of firearms and ammunition to straw purchasers.

54.    Based on the facts described herein, Walmart knew or should have known that Cross, as the intended recipient of a straw purchase, was prohibited from purchasing a firearm by virtue of either dangerous propensities or incompetence, and that providing the Remington shotgun to Cross and Reidle was likely to result in unreasonable risk of physical injury to others.

55.    At the time of the sale, it was reasonably foreseeable to Walmart that supplying Reidle with the Remington shotgun would result in Reidle aiding, abetting and conspiring to unreasonably use and/or unlawfully transfer the Remington shotgun to Cross in violation of federal and state laws, including 18 U.S.C. § 2, 18 U.S.C. § 371, 18 U.S.C. § 922(a)(1)(A), (a)(6), (d)(1), (m) and 18 U.S.C. § 924(a)(1)(A).

56.    In turn, it was reasonably foreseeable to Walmart that the criminal use of a firearm by a person unauthorized to possess it would cause innocent individuals, such as William L. Corporon and Reat Underwood, to be injured or killed.

57.    Walmart's negligent entrustment of the Remington shotgun to Cross and Reidle caused or contributed to cause the April 13, 2014, shootings of, injuries to and deaths of William L. Corporon and Reat Underwood.

58.    As a direct and proximate result of Walmart's negligent entrustment, Reat Underwood suffered severe and devastating injuries that led to his death on April 13, 2014.

59.    As a direct and proximate result of Reat Underwood's death, plaintiff has sustained and will continue to sustain pecuniary and non-pecuniary damages, including, but not

limited to, mental anguish, suffering, bereavement, loss of society, loss of companionship, loss of services, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, loss of counsel, loss of a complete family, and funeral expenses.

60.    The death of Reat Underwood on April 13, 2014, and the resulting pecuniary and non-pecuniary damages sustained by plaintiffs were directly and proximately caused by Walmart's negligent entrustment.

61.    Plaintiff Melinda K. Corporon, as the personal representative and as the Administratrix *In the Matter of the Estate of Reat Underwood, Deceased*, incorporates by reference the allegations in paragraphs 1 through 60 of this Petition as though fully set forth below.

62.    As a direct and proximate result of Walmart's negligent entrustment, Reat Underwood sustained severe and debilitating injuries that led to his death on April 13, 2014.

63.    As a direct and proximate result of Walmart's negligent entrustment, Reat Underwood sustained fear, anxiety of imminent danger and harm to himself and to his grandfather, pain, suffering, mental anguish, and loss of enjoyment of life until his death on April 13, 2014.  As a result of the injuries and damages sustained by Reat Underwood, the Estate of Reat Underwood, deceased, is entitled to recover those damages which Reat Underwood could have recovered if he would have survived.

## COUNT III – NEGLIGENCE PER SE

64.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 63 of this Petition as though fully set forth below.

65.    Walmart had a duty to exercise the highest degree of care in selling guns and in refraining from engaging in any activity that would create reasonably foreseeable risks of injury

to or death of others.  This duty included following federal and state gun laws concerning the sale of firearms and ammunition to straw purchasers.

66.    By engaging in an illegal straw sale to an unlawful purchaser, Walmart negligently and knowingly violated various federal and state laws governing the sale and marketing of firearms, including but not limited to 18 U.S.C. § 2, 18 U.S.C. § 371, 18 U.S.C. § 922(a)(1)(A), (a)(6), (d)(1), (m) and 18 U.S.C. § 924(a)(1)(A).

67.    These laws are intended to protect public safety, specifically, to protect citizens from violent crimes committed by felons with firearms, by preventing unlicensed and dangerous sales of guns and by preventing the acquisition and misuse of guns by criminals, children and other irresponsible individuals.

68.    These laws are intended to protect the public from the April 13, 2014, shootings that resulted in injuries to and the deaths of William L. Corporon and Reat Underwood.

69.    William L. Corporon and Reat Underwood were within the class of persons meant to be protected by these laws.

70.    Walmart knew or should have known that violations of these laws would result in the criminal acquisition of firearms, the misuse of such firearms, and danger to the public.

71.    The violations of law by Walmart caused or contributed to cause the April 13, 2014, shootings of, injuries to and deaths of William L. Corporon and Reat Underwood.

72.    As a direct and proximate result of Walmart's violations of law, Reat Underwood suffered severe and devastating injuries that led to his death on April 13, 2014.

73.    As a direct and proximate result of Reat Underwood's death, plaintiff has sustained and will continue to sustain pecuniary and non-pecuniary damages, including, but not limited to, mental anguish, suffering, bereavement, loss of society, loss of companionship, loss

of services, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, loss of counsel, loss of a complete family, and funeral expenses.

74.    The death of Reat Underwood on April 13, 2014, and the resulting pecuniary and non-pecuniary damages sustained by plaintiff were directly and proximately caused by Walmart's violations of law.

75.    Plaintiff Melinda K. Corporon, as the personal representative and as the Administratrix *In the Matter of the Estate of Reat Underwood, Deceased*, incorporates by reference the allegations in paragraphs 1 through 74 of this Petition as though fully set forth below.

76.    As a direct and proximate result of Walmart's violations of law, Reat Underwood sustained severe and debilitating injuries that led to his death on April 13, 2014.

77.    As a direct and proximate result of Walmart's violations of law, Reat Underwood sustained fear, anxiety of imminent danger and harm to himself and to his grandfather, pain, suffering, mental anguish, and loss of enjoyment of life until his death on April 13, 2014.  As a result of the injuries and damages sustained by Reat Underwood, the Estate of Reat Underwood, deceased, is entitled to recover those damages which Reat Underwood could have recovered if he would have survived.

## COUNT IV – AIDING AND ABETTING

78.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 77 of this Petition as though fully set forth below.

79.    As a seller of firearms, Walmart had a duty to William L. Corporon, Reat Underwood, and other members of the public to exercise the highest degree of care in the conduct of its business on April 9, 2014.

80.    Walmart, by and through its employees, agents or servants, knew or should have known that Cross and Reidle were purchasing the Remington shotgun for Cross, a prohibited buyer.

81.    As set forth above, by assisting, aiding and abetting the straw purchase of the Remington shotgun to Cross and Reidle, Walmart gave substantial assistance and encouragement to Cross to obtain a firearm that was used to shoot victims at the Jewish Community Center on April 13, 2014, and thereby breached its duty to William L. Corporon, Reat Underwood and other members of the public, pursuant to Restatement (Second) of Torts § 876.

82.    Walmart's assisting, aiding and abetting the straw purchase of the Remington shotgun to Cross and Reidle caused or contributed to cause the April 13, 2014, shootings of, injuries to and deaths of William L. Corporon and Reat Underwood.

83.    As a direct and proximate result of Walmart's assisting, aiding and abetting the straw purchase of the Remington shotgun, Reat Underwood suffered severe and devastating injuries that led to his death on April 13, 2014.

84.    As a direct and proximate result of Reat Underwood's death, plaintiff has sustained and will continue to sustain pecuniary and non-pecuniary damages, including, but not limited to, mental anguish, suffering, bereavement, loss of society, loss of companionship, loss of services, loss of comfort, loss of protection, loss of care, loss of attention, loss of advice, loss of counsel, loss of a complete family, and funeral expenses.

85.    The death of Reat Underwood on April 13, 2014, and the resulting pecuniary and non-pecuniary damages sustained by plaintiff were directly and proximately caused by Walmart's assisting, aiding and abetting the straw purchase of the Remington shotgun.

86.    Plaintiff Melinda K. Corporon, as the personal representative and as the Administratrix *In the Matter of the Estate of Reat Underwood, Deceased*, incorporates by reference the allegations in paragraphs 1 through 85 of this Petition as though fully set forth below.

87.    As a direct and proximate result of Walmart's allowing, assisting, aiding and abetting the straw purchase of the Remington shotgun, Reat Underwood sustained severe and debilitating injuries that led to his death on April 13, 2014.

88.    As a direct and proximate result of Walmart's assisting, aiding and abetting the straw purchase of the Remington shotgun, Reat Underwood sustained fear, anxiety of imminent danger and harm to himself and to his grandfather, pain, suffering, mental anguish, and loss of enjoyment of life until his death on April 13, 2014.  As a result of the injuries and damages sustained by Reat Underwood, the Estate of Reat Underwood, deceased, is entitled to recover those damages which Reat Underwood could have recovered if he would have survived.

**WHEREFORE**, plaintiff prays for judgment for compensatory damages against Walmart in an amount in excess of seventy-five thousand dollars ($75,000.00), together with the costs of this action, interest, and other such relief as plaintiff is entitled pursuant to Kansas law and that the Court may deem appropriate.

Respectfully submitted,

**SHAMBERG, JOHNSON & BERGMAN
CHARTERED**

By____*/s/ David R. Morantz*_____
         Lynn R. Johnson, KS #07041
         David R. Morantz, KS #22431
         Paige L. McCreary, KS #27154
         2600 Grand Boulevard, Suite 550
         Kansas City, MO  64108
         816-474-0004
         816-474-0003  FAX
         ljohnson@sjblaw.com
         dmorantz@sjblaw.com
         pmccreary@sjblaw.com
         **ATTORNEYS FOR PLAINTIFF**

**DEMAND FOR JURY TRIAL**

COMES NOW plaintiff and hereby demands a trial by jury on all issues in the above-captioned case.

**SHAMBERG, JOHNSON & BERGMAN
CHARTERED**

By____*/s/ David R. Morantz*_____
         Lynn R. Johnson, KS #07041
         David R. Morantz, KS #22431
         Paige L. McCreary, KS #27154
         2600 Grand Boulevard, Suite 550
         Kansas City, MO  64108
         816-474-0004
         816-474-0003  FAX
         ljohnson@sjblaw.com
         dmorantz@sjblaw.com
         pmccreary@sjblaw.com
         **ATTORNEYS FOR PLAINTIFF**

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

MELINDA K. CORPORON, heir at law of
REAT UNDERWOOD, and Administratrix
and personal representative of the Estate of
REAT UNDERWOOD,

Plaintiff

vs

WAL-MART STORES EAST, LP
                 Defendant

Case No: 16CV02190

Division:    7
K.S.A. Chapter 60

REQUEST AND SERVICE INSTRUCTION FORM

To:  Clerk of the District Court:

Please issue a SUMMONS and PETITION in this action for WAL-MART STORES EAST, LP whose
address  for service is:

REGISTERED AGENT: THE CORPORATION COMPANY, INC., 112 SW 7TH STREET,
SUITE 3C
     TOPEKA, KS 66603

Certified mail service by the undersigned attorney, who understands that it is their responsibility to
obtain service and to make the return to the clerk. The postal receipt for service must be filed with the
Clerk's office to prove service.

PLEASE SERVE THE PETITION W/INCORPORATED DEMAND FOR JURY TRIAL, FIRST
INTERROGATORIES TO DEFENDANT WAL-MART STORES, INC., FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT WAL-MART STORES, INC., AND FIRST
REQUEST FOR ADMISSION TO DEFENDANT WAL-MART STORES, INC.

By: /s/ DAVID R MORANTZ
DAVID R MORANTZ, #22431
2600 GRAND BLVD, STE 550
KANSAS CITY, MO 64108
816-474-0004

*Clerk of the District Court, Johnson County Kansas*
*04/13/16  01:36pm JC*

16CV02190
Div 7

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
CIVIL COURT DEPARTMENT

MELINDA K. CORPORON, heir at law of
REAT UNDERWOOD, and Administratrix
and personal representative of the Estate of
REAT UNDERWOOD,

              Plaintiff                Case No: 16CV02190

        vs                         Division:   7
                                  K.S.A. Chapter 60

WAL-MART STORES, INC

              Defendant

REQUEST AND SERVICE INSTRUCTION FORM

To:  Clerk of the District Court:

Please issue a SUMMONS and PETITION in this action for WAL-MART STORES, INC whose
address  for service is:

     REGISTERED AGENT: THE CORPORATION COMPANY, INC., 112 SW 7TH STREET,
SUITE 3C
     TOPEKA, KS 66603

Certified mail service by the undersigned attorney, who understands that it is their responsibility to
obtain service and to make the return to the clerk.  The postal receipt for service must be filed with the
Clerk's office to prove service.

PLEASE SERVE THE PETITION W/INCORPORATED DEMAND FOR JURY TRIAL, FIRST
INTERROGATORIES TO DEFENDANT WAL-MART STORES, INC., FIRST REQUEST FOR
PRODUCTION OF DOCUMENTS TO DEFENDANT WAL-MART STORES, INC., AND FIRST
REQUEST FOR ADMISSION TO DEFENDANT WAL-MART STORES, INC.

                      By: /s/ DAVID R MORANTZ
                      DAVID R MORANTZ, #22431
                      2600 GRAND BLVD, STE 550
                      KANSAS CITY, MO 64108
                      816-474-0004

                           *Clerk of the District Court, Johnson County Kansas*
                                 *04/13/16 01:36pm JC*

```
                                                                        *
                                                       16CV02190         *
                                                       Div 7             *
```

## IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
## CIVIL COURT DEPARTMENT

CORPORON, MELINDA K ET AL,
    Plaintiff,

             CASE NO. 16CV02190
vs.            Chap.  60

WAL-MART STORES EAST LP, ET AL,
    Defendant,


<u>ORDER FOR CASE MANAGEMENT CONFERENCE</u>

   A case management conference has been scheduled in the above-referenced case

for **August 17, 2016, 10:00am**, Division 7.  **<u>Plaintiff=s counsel is required to serve a copy of</u>**

**<u>this order on all counsel who enter their appearance on behalf of any other party to this</u>**

**<u>action, and/or any party that is proceeding pro se.</u>**  Failure to comply with this order may

result in dismissal of this action.  Failure to appear at the case management conference may

result in judgment against the party who has failed to appear. Personal appearance is required of

Pro Se litigants.



   IT IS SO ORDERED.




        <u>/s/ David W. Hauber</u>
        DAVID W. HAUBER
        District Court Judge, Div. 7

<u>NOTICE OF SERVICE</u>

Copies of the above and foregoing have been sent by the court to counsel and/or self-represented
litigants at the address(es) provided by them as of record this date of filing.



        *Clerk of the District Court, Johnson County Kansas*
        *04/26/16  02:32pm CH*

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
TENTH JUDICIAL CIRCUIT

MELINDA K. CORPORON, heir at law of )
REAT UNDERWOOD, and Administratrix )
and personal representative of the Estate of )
REAT UNDERWOOD, )
                                  )
                 Plaintiff, )     Case No.     16CV02190
                                    )
v. )     Division No. 7
                                    )
WAL-MART STORES EAST, LP and )     Pursuant to K.S.A. Chap. 60
WAL-MART STORES, INC., )
                                    )
                Defendants. )

### RETURN OF SERVICE FOR RETURN RECEIPT DELIVERY

STATE OF MISSOURI     )
                          ) *ss:*
COUNTY OF JACKSON     )

        The undersigned states that on April 21, 2016, he served a *Summons, Petition* with incorporated *Demand for Jury Trial, Plaintiff's First Interrogatories to Defendant Wal-Mart Stores East, LP, Plaintiff's First Request for Production of Documents to Defendant Wal-Mart Stores East, LP and Plaintiff's First Request for Admission to Defendant Wal-Mart Stores East, LP* on Registered Agent The Corporation Company, Inc., 112 South West 7th Street, Suite 3C, Topeka, Kansas, and that the following Return for Receipt of Service evidencing delivery by Certified Mail is attached to this Return of Service.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature ☐ Agent ☐ Addressee<br>X<br>B. Received by (Printed Name)  C. Date of Delivery APR 3 2016 |
| 1. Article Addressed to:<br><br>Walmart Stores East LP<br>Registered Agent<br>The Corporation Co. Inc.<br>112 SW 7th Street, Suite 3C<br>Topeka KS 66603 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail  ☐ Priority Mail Express<br>☐ Registered  ☒ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ Collect on Delivery<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number (Transfer from service label) | 7013 2250 0002 1811 2175 |
| PS Form 3811, July 2013 | Domestic Return Receipt |

Signature

On this 3rd day of May, 2016, the above person known to me executed this document.

Notary Public

My Appointment Expires:
GINA SCARCELLO
NOTARY PUBLIC-NOTARY SEAL
STATE OF MISSOURI
JACKSON COUNTY
MY COMMISSION EXPIRES 9-08-2018
COMMISSION # 14450274

Page 2 of 2    *Clerk of the District Court, Johnson County Kansas*
*05/03/16  04:43pm AL*

16CV02190
Div 7

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS
TENTH JUDICIAL CIRCUIT

MELINDA K. CORPORON, heir at law of )
REAT UNDERWOOD, and Administratrix )
and personal representative of the Estate of )
REAT UNDERWOOD, )
                                        )
                    Plaintiff, )     Case No.   16CV02190
                                          )
v.                                )     Division No. 7
                                          )
WAL-MART STORES EAST, LP and    )     Pursuant to K.S.A. Chap. 60
WAL-MART STORES, INC.,            )
                                          )
                 Defendants. )

## RETURN OF SERVICE FOR RETURN RECEIPT DELIVERY

STATE OF MISSOURI     )
                     ) *ss:*
COUNTY OF JACKSON   )

The undersigned states that on April 21, 2016, he served a *Summons, Petition* with incorporated *Demand for Jury Trial, Plaintiff's First Interrogatories to Defendant Wal-Mart Stores, Inc., Plaintiff's First Request for Production of Documents to Defendant Wal-Mart Stores, Inc. and Plaintiff's First Request for Admission to Defendant Wal-Mart Stores, Inc.* on Registered Agent The Corporation Company, Inc., 112 South West 7th Street, Suite 3C, Topeka, Kansas, and that the following Return for Receipt of Service evidencing delivery by Certified Mail is attached to this Return of Service.

   *Clerk of the District Court, Johnson County Kansas*
*05/03/16  04:43pm AL*

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ☒ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>☒ Print your name and address on the reverse so that we can return the card to you.<br>☒ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X _____ ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery<br>APR 2 2 2016<br>D. Is delivery address different from item 1? ☐ Yes<br>   If YES, enter delivery address below: ☐ No |
| 1. Article Addressed to:<br>Walmart Stores, Inc.<br>Registered Agent<br>The Corporation Company Inc.<br>112 SW 7th Street Suite 3C<br>Topeka KS 66603 | |
| | 3. Service Type<br>☒ Certified Mail® ☐ Priority Mail Express™<br>☐ Registered ☒ Return Receipt for Merchandise<br>☐ Insured Mail ☐ Collect on Delivery<br>4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7013 2250 0002 1811 2298 |
| PS Form 3811, July 2013 | Domestic Return Receipt |

_____
Signature

On this 3rd day of May, 2016, the above person known to me executed this document.

_____
Notary Public

My Appointment Expires:

GINA SCARCELLO
NOTARY PUBLIC-NOTARY SEAL
STATE OF MISSOURI
JACKSON COUNTY
MY COMMISSION EXPIRES 9-08-2018
COMMISSION # 14450274